UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

**Kristopher Justinboyer Ervin, et. al,**

**Appellants,**

v.

No. 23-13062

**United States of America**

**Appellee.**

_____

APPEAL OF A CRIMINAL CASE FROM THE UNITED STATES
DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA
DISTRICT COURT CASE № 3:21-CR-00022

REPLY BRIEF OF APPELLANT MATTHEW RAYMOND
HOOVER

Matthew Larosiere, Esq.
6964 Houlton Circle
Lake Worth, FL 33467
Email: larosieremm@gmail.com
Telephone: 561-452-7575
*Counsel for Appellant Matthew
Raymond Hoover*

*USA v. Kristopher Ervin, et al*, Appeal No. 23-13062

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT (CIP)**

Pursuant to 11th Cir. R. 26.1-1(a), Appellant files this Certificate of Interested Persons and Corporate Disclosure Statement. The following are all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party known to the undersigned.

1. Barksdale, Hon. Patricia D., United States Magistrate Judge
2. Call, Lisa, Federal Public Defender's Office
3. Corrigan, Hon. Timothy J., United States District Judge
4. Ervin, Kristopher Justinboyer (Defendant)
5. Handberg, Roger B., United States Attorney
6. Hoover, Erica (Defendant's Wife)
7. Hoover, Matthew Raymond (Defendant)
8. Hoppmann, Karin, former Acting United States Attorney
9. Howard, Marcia Morales (Trial Judge)

i

10. King, Alex, Esq.

11. Klindt, Hon. James R., United States Magistrate Judge

12. Larosiere, Matthew (Defendant-Appellant's attorney)

13. Lopez, Maria Chapa, former United States Attorney

14. Mesrobian, David B., Assistant United States Attorney

15. Monroe, Daniel S., Esq.

16. Rhodes, David P., Assistant United States Attorney, Chief, Appellate Division

17. Richardson, Montgomery (Magistrate)

18. Siekkinen, Sean, Assistant United States Attorney

19. Taylor, Laura Cofer, Assistant United States Attorney

20. Tran, Mai, Assistant United States Attorney

21. Zermay, Zachary (Defendant's attorney)

22. Zermay-Larosiere Law Group

23. Linnen, Valarie, Esq. (Appellant's attorney)

24. Jaffe, Erik S., Esq. ; and

25. Sherill, Miranda Cherkas, Esq.

No publicly traded company or corporation has an interest in the outcome of this appeal to the undersigned's knowledge.

# STATEMENT REGARDING ADOPTION OF BRIEFS AND ARGUMENTS OF OTHER PARTIES

Pursuant to 11th Cir. Rule 28-1(f), appellant Matthew Raymond Hoover adopts all arguments made by *Amici Curiae*, including but not limited to the arguments that the objects here at issue do not meet the statutory machinegun definition and that the rule of lenity must be applied in this case. Mr. Hoover further adopts all arguments made by Mr. Ervin, both in his initial and reply brief, including but not limited to the good faith argument that the district court deprived appellants of due process of law by failing to pronounce at sentencing all discretionary "standard conditions" of probation.

# TABLE OF CONTENTS

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT (CIP)** ....................................................... i

**STATEMENT REGARDING ADOPTION OF BRIEFS AND ARGUMENTS OF OTHER PARTIES** ................................................ iii

**TABLE OF CONTENTS** ............................................................... iv

**TABLE OF AUTHORITIES** ........................................................... v

**ARGUMENT** .............................................................................. 6

**I. THE GOVERNMENT'S CONTINUED REFERENCE TO THINGS "CONTAINING" A COMBINATION OF PARTS HIGHLIGHT ITS LEGAL FAILURE** ............................................. 6

**II. APPELLANT HAS IDENTIFIED CONSTITUTIONAL DEFECTS** ............................................................................ 12

    a.   **The Fifth Amendment, Vagueness, and Lenity** ................ 12

    b.   **The First Amendment** ..................................................... 13

    c.   **The Second Amendment** ................................................ 15

**CONCLUSION** ......................................................................... 16

**CERTIFICATE OF COMPLIANCE WITH RULE 32(A)** ................ 17

**CERTIFICATE OF SERVICE** ...................................................... 18

# TABLE OF AUTHORITIES

**Cases**

*Club Madonna, Inc. v. City of Miami Beach,*
  42 F.4th 1231 (11th Cir. 2022) ............................................................. 14

*Maracich v. Spears*, 570 U.S. 48 (2013) ..................................................... 7

*United States v. Eichman,* 496 U.S. 310 (1990) ....................................... 14

*Virginia v. Black,* 538 U.S. 343 (2003) ..................................................... 14

**Statutes**

26 U.S.C. § 5845(b) .................................................................................... 6

# ARGUMENT

## I.  THE GOVERNMENT'S CONTINUED REFERENCE TO THINGS "CONTAINING" A COMBINATION OF PARTS HIGHLIGHT ITS LEGAL FAILURE

One of the chief concerns in this matter is whether a single, homogenous piece of steel was or could be a "combination of parts" within the meaning of 26 U.S.C. § 5845(b). This is relevant to the motion to dismiss the indictment, motion for judgment of acquittal, and the jury instructions. As appellant Hoover painstakingly laid out in his initial brief, this is a legal question of statutory interpretation, made all the more significant by the disjunctive machinegun definitions in §5845(b), which treat "a part" and "a combination of parts" very differently.

The government asserts that engaging with this legal question "puts the cart before the horse." (AB.59). However, the government completely ignores that questions of law, even when mixed with factual elements, are often exclusively for the court, rather than a jury. Furthermore, appellee asserts that the jury "rejected" that a homogenous piece of steel could not be a combination of parts, when we can in actuality only guess as to the theory embraced by the jury where the instructions and charges were so poorly defined. The district court's

6

submission of the fundamental legal question of whether a single object is "capable of being a combination of parts," makes it clear that the district court was "so unsure" as to this theory that it would ask the jury to "simply guess as to what Congress intended," thus amounting to a grievous ambiguity. *Maracich v. Spears*, 570 U.S. 48, 76 (2013).

As a threshold matter, the government repeatedly asserts that "ATF confirmed the card's to-scale parts functioned as a lightning link." (AB.63). This is proven nowhere, as heavily detailed in the initial briefs of both appellants, rather the government's own witnesses proved that only when going *outside the lines* could the government induce a *malfunction* that *does not operate as a lightning link would*. (Hoover's IB.41-43).

The government repeatedly asserts, despite this, that the only conclusion must be that the jury properly found each element beyond a reasonable doubt. The issues inherent in the proceedings below, though, rear their head in the government's constant attempt to amend the statute by changing "combination of parts" to "either a combination of parts or something containing a combination of parts." (AB.46). This is

7

not what the statute says, and the government's illustrations only underline the absurdity of its position.

In its answer brief, the government, by reference to a laser-cut wooden puzzle, attempts to gloss over the critical issues. The government asserts "[t]hese rectangular wooden sheets undoubtedly contain a 'combination of parts' for a 3D puzzle:



It makes no difference whether the parts are pushed out by hand or cut out with scissors or anything else." (AB.46-47). This illustration, though, shows just how absurd the government's "contains" amendment is.

The government's choice of a pre-cut puzzle analogy would only make sense if the metal cards at issue were similarly cut out, seeing as the puzzle pieces are clearly physically distinct from the parent wood, and the wood merely houses the already distinct puzzle pieces. The metal cards here are, though, are nothing like the pre-cut puzzle. Rather, they are homogeneous pieces of stainless steel, into which a drawing was lightly etched only to the extent it not be susceptible of wiping off. *See* (Doc. 282 at 151) (A: "The auto key card was a single piece of metal that had four single individual pieces that were like etched in a diagram form. Q: So it had four etchings on the single piece of metal? A: Correct."); (Doc. 282 at 116) ("the auto key card, the single piece of steel").

9

A better analogy rests in the question of what is depicted here:



Appellant Hoover respectfully submits that the above image depicts a hunk of marble. Following the government's logic, though, that material alteration and transformative labor are of little import in what something *is*, Appellant speculates the government may say the above marble block *contains* a potential Michelangelo's David.

Appellant submits a more genuine analogy:



The above, while perhaps evocative of the David, perhaps makes a statement about the David, is a block of marble with a drawing on it. It is not the David, and no reasonable person would consider it to be. By the government's logic, though, this block "contains" the David, and the

11

presence of the drawing—despite no evidence the drawing accurately depicts the David—*actually is* the David. It simply is not.

Similarly, as thoroughly explained in Appellant Hoover's initial brief, there are no matters of degree when it comes to the National Firearms Act. Something is or is not a machinegun. The Act does not cover what "contains" or might one day, through transformative labor and material alteration, become a machinegun.

## II. APPELLANT HAS IDENTIFIED CONSTITUTIONAL DEFECTS

### a. The Fifth Amendment, Vagueness, and Lenity

The vagueness and lenity issues are readily apparent in this case and thoroughly addressed by both appellants and *amici curiae*. The government's insistence that the statute is not vague is undermined by its surreptitious attempts to amend the statute discussed *supra*, and the district court's open uncertainty as to whether "Defendants transferred a 'combination of parts'" and then its acceptance that the government's star witness "had to 'materially alter'" the affected items to create what the government charged. (Dkt. 310, p.10; 22).

12

### b. The First Amendment

The Government refers to Appellant's First Amendment challenge as "oblique" and "meritless," (AB.67) but highlights its veracity in its own argument. The government complains in its answer brief, in so many words, that any constitutional issues must be resolved in its favor because the statute targets machineguns, or baldly asserts that Appellant has not identified an infirmity. (AB.67-68).

Appellant Hoover's initial brief identifies the First Amendment issue in the alternative. Appellant believes it manifest from the text of that statute that a "combination of parts designed and intended" to serve a mechanical purpose means what it says, but it is the government's position that lines lightly etched on a piece of steel are not a drawing or speech, but a combination of parts. This is precisely why Appellant's First Amendment challenge is structured the way it is. (Hoover's IB.53) The fact that the metal cards manifest "an intent to convey a particularized message" is manifest in the government's quibbling that it might not have prosecuted Appellants if Ervin "had used less sturdy material such as paper or cardboard." (AB.47).

13

The government has recognized the expressive value of the cards here at issue. Its complaint with the First Amendment issue is simply to assert that the First Amendment does not apply because it is most convenient for the government if a drawing—one which all evidence confirms has no depth—ceases to become expressive if the government dislikes its canvas. It is absurd to suggest that a drawing loses its constitutionally protected character by the artist's choice of canvas, especially where the canvas itself makes the art more provocative. *See Virginia v. Black*, 538 U.S. 343 (2003) (cross-burning not beyond the scope of protected expression); *United States v. Eichman*, 496 U.S. 310 (1990) (flag desecration as constitutionally protected symbolic speech).

In so far as the government asserts that Appellant has not addressed the factors it identified in *Club Madonna, Inc. v. City of Miami Beach*, these were certainly implicated in the initial brief. 42 F.4th 1231, 1241 (11th Cir. 2022). First, the theory is predicated on the absurd result that the statute *actually proscribes* the metal cards at issue. The First Amendment question only needs to be addressed if this honorable court agrees with the government that "a combination of parts designed and intended" to perform a mechanical function provides constitutionally

14

sufficient notice to a reasonable person of the criminal consequences inherent in possessing a singular, homogeneous piece of steel with lines etched on it to no depth. *If it does*, as the Government contends, then that statute necessarily targets both speech and nonspeech elements, and the restriction on speech is certainly much broader than necessary to further the government's interest, seeing as the metal cards with drawings on them do not implicate the government's purported interest, as evinced by the fact that the cards were so unserious a threat to the government that it made no attempt to collect the cards outside identifying a handful of recipients to use as witnesses in this prosecution, despite having access to the entire list of purchasers.

### c. The Second Amendment

The government's response ignores the Constitutional shortfalls identified in appellant Hoover's brief. The government's incantation of the phrase "dangerous and unusual" does not evade a Second Amendment analysis. Such is not the test, and never has been. Rather, the government bears the burden to prove its treatment of *these articles* are analogous to a historical prohibition. The government has made no effort to identify *any* historical analogue, and thus—if the metal cards

fall under §5861 and are thus arms—the absolute prohibition on the post-1986 possession or transfer of the metal cards cannot be squared with a historical analogue and must fail under the Second Amendment.

## CONCLUSION

For all the reasons set forth above, appellant Matthew Raymond Hoover respectfully requests this Honorable Court vacate and/or reverse the judgment and sentence imposed in this case, and dismiss the operative indictment with prejudice. In the alternative, if it would aid this Honorable Court, appellant Hoover respectfully suggests this Honorable Court might choose to order further briefing on the First and Second Amendment questions if necessary.

Respectfully submitted,

/s/ Matthew Larosiere
Matthew Larosiere, Esq.
6964 Houlton Circle
Lake Worth, FL 33467
Email: larosieremm@gmail.com
Telephone: 561-452-7575
*Counsel for Appellant Matthew Raymond Hoover*

16

# **CERTIFICATE OF COMPLIANCE**

The undersigned certifies, pursuant to 11th Cir. Rule 28-1, that this brief complies with the type-volume limitation of the Federal Rule of Appellate Procedure (32)(a) because it contains 1,592 words, excluding the parts exempted by Rule 32(f). This brief complies with the typeface requirements and type style requirements for Rule 32(a) because it has been prepared in a proportionally-based typeface with Microsoft Word 2023 in 14 point, Century Schoolbook font.

/s/ Matthew Larosiere
Matthew Larosiere, Esq.
6964 Houlton Circle
Lake Worth, FL 33467
Email: larosieremm@gmail.com
Telephone: 561-452-7575
*Counsel for Appellant Matthew Raymond Hoover*

17

# CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was sent by CM/ECF on June 13, 2024, and notice of this filing was electronically served on all parties there registered for service, including:

VALARIE LINNEN, ESQ.
*Counsel for Kristopher Ervin*

SEAN SIEKKINEN,
*Assistant United States Attorney*

I further certify that four hard copies of the foregoing brief are being furnished to the Clerk of this Court by mail.

/s/ Matthew Larosiere
Matthew Larosiere, Esq.
6964 Houlton Circle
Lake Worth, FL 33467
Email: larosieremm@gmail.com
Telephone: 561-452-7575
*Counsel for Appellant Matthew Raymond Hoover*