2110 First Street, Suite 3-137
Fort Myers, Florida 33901
239/461-2200
239/461-2219 (Fax)

35 SE 1st Avenue, Suite 300
Ocala, Florida 34471
352/547-3600
352/547-3623 (Fax)



**U.S. Department of Justice**
**United States Attorney**
**Middle District of Florida**

*Main Office*
*400 North Tampa Street, Suite 3200*
*Tampa, Florida 33602*
*813/274-6000*
*813/274-6358 (Fax)*

300 N. Hogan Street, Room 700
Jacksonville, Florida 32202
904/301-6300
904/301-6310 (Fax)

400 West Washington Street, Suite 3100
Orlando, Florida 32801
407/648-7500
407/648-7643 (Fax)

*Reply to: Tampa*

July 8, 2024

David J. Smith, Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, GA 30303

    **Re:** *United States v. Kristopher Justinboyer Ervin & Matthew Raymond Hoover,* **No. 23-13062**
          **Fed. R. App. P. 28(j) Supplemental Authority Letter**

Dear Mr. Smith:

    The following supplemental authority supports our argument that the Second Amendment does not prohibit Congress's regulation of machinegun-conversion devices, such as the AutoKeyCard. *See* App. Doc. 48 at 62–66 (our brief).

    *Garland v. Cargill*, 602 U.S. 406 (2024), held that a semiautomatic rifle equipped with a "bump stock" is not a "machinegun" under the NFA, because a bump stock generates rapid successive trigger functions, not automatic fire "by a single function of the trigger." *Id.* at 413–23. In striking down ATF's contrary interpretation, the Supreme Court indicated that Congress could have prohibited bump stocks by amending the NFA. The Court strongly implied that proposed legislation banning bump stocks would have made a difference, but "[n]one of these bills became law" and "[s]imilar proposals in the intervening years have also stalled." *Id.* at 412–13. "Congress could have linked the definition of 'machinegun' to a weapon's rate of fire, as the dissent

David J. Smith
Page 2
July 8, 2024

would prefer," the Court said. *Id.* at 428. "But, it instead enacted a statute that turns on whether a weapon can fire more than one shot 'automatically ... by a single function of the trigger.'" *Id.* Under that definition, bump stocks do not turn semiautomatic rifles into machineguns. *Id.* Justice Alito was even more clear: "Congress can amend the law—and perhaps would have done so already if ATF had stuck with its earlier interpretation. Now that the situation is clear, Congress can act." *Id.* at 429 (Alito, J., concurring).

Although *Cargill* is a statutory-interpretation case, not a Second Amendment one, the Court's resort to a potential statutory fix encompassing bump stocks strongly suggests that the Second Amendment does not protect machinegun-conversion devices. (And that's perhaps doubly so given that Justice Thomas authored both *Bruen* and *Cargill*.) Here, there is no dispute that the AutoKeyCard—unlike a bump stock—generates automatic fire by a single function of the trigger, thus qualifying as a machinegun-conversion device. *See Cargill*, 602 U.S. at 420 n.4 (addressing auto sears).

*Cargill* supports the district court's ruling that the Second Amendment is no bar to Ervin's and Hoover's prosecutions.

                                  Very truly yours,

                                  ROGER B. HANDBERG
                                  United States Attorney

                                  DAVID P. RHODES
                                  Assistant United States Attorney
                                  Chief, Appellate Division

                                  *s/ Sean Siekkinen*
                                  SEAN SIEKKINEN
                                  Assistant United States Attorney
                                  Appellate Division

## Certificate of Service

I certify that a copy of this letter and the notice of electronic filing was sent by CM/ECF on July 8, 2024, to:

| | |
|---|---|
| VALARIE LINNEN, ESQ.<br>*Counsel for Kristopher Ervin* | MATTHEW LAROSIERE, ESQ.<br>*Counsel for Matthew Hoover* |

*s/ Sean Siekkinen*
SEAN SIEKKINEN
Assistant United States Attorney