

**The Law Offices of Matthew Larosiere**

6964 Houlton Cir
Lake Worth, FL 33467
Telephone: (561) 452-7575
Email: LarosiereMM@gmail.com

July 10, 2024

David J. Smith, Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, GA 30303

    RE: *United States v. Ervin & Hoover*, No. 23-13062 Fed. R. App. P. 28(j) Supplemental Authority Letter

Dear Mr. Smith:

    The following decision supports Appellants' argument that the AutoKeyCard—the subject of the proceedings below—is not and cannot be a machinegun under the National Firearms Act. *See* App. Doc. 26 §§ I-III (Appellant Hoover's brief).

    *Garland v. Cargill*, 602 U.S. 406 (2024) saw the Supreme Court hold the government's position that a "bump stock" was a "machinegun" under the NFA to be unsupported by statute. The Court clarified the definition of machinegun, exploring the distinct analysis of whether a weapon fires "automatically" and whether that "automatic" fire comes by way of a "single function of the trigger." *Id* at 424. The Court made clear that the statute does not cover something that would take "something more" than the plain text of the statute, in contrast with the court below reasoning that an object requiring "material alteration" to become a machinegun, to be a machinegun nonetheless. *Id. cf.* (Doc. 310 at 7-10).

1

　　Additionally, *Cargill* held that, even if a weapon fired more than one shot, it must do so "automatically" to be considered a machinegun. 602 U.S. at 424-427. The court below relied chiefly on the testimony of an ATF officer who admitted that the items he manufactured were not functioning automatically, but rather inducing a malfunction. (Doc. 283, 209-210).

　　Appellant would be remiss not to point out that whether the AutoKeyCard generates automatic fire by a single function of the trigger is *heavily* disputed in this case, contrary to what the government suggests in its July 8th 28(j) letter. In fact, the Government readily admits that "*Cargill* is a statutory interpretation case," like this one. Given the divergent reading presented by opposing counsel—which focuses entirely on a theoretical Second Amendment argument that was never made, briefed, argued, or decided in *Cargill*—counsel for appellant Hoover respectfully suggests that supplemental briefing on *Cargill*'s application may be of aid to this honorable court in the consideration of this appeal.


Very truly yours,

*[signature]*

Matthew Larosiere, Esq.
*Counsel for Appellant*
*Matthew Raymond Hoover*

**Certificate of Service**

I certify that a copy of the foregoing was sent by CM/ECF on July 10, 2024, and notice of this filing was electronically served on all parties there registered for service, including:

VALARIE LINNEN, ESQ.
*Counsel for Kristopher Ervin*

SEAN SIEKKINEN,
*Assistant United States Attorney*

/s/ Matthew Larosiere
Matthew Larosiere
*Counsel for Appellant Matthew Hoover*