THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

No. 23-13062
DC DKT NO.: 3:12-cr-22-MMH-MCR-1

UNITED STATES OF AMERICA,
Appellee,

v.

KRISTOPHER JUSTINBOYER ERVIN,
Appellant.

SUPPLEMENTAL BRIEF FOR APPELLANT

Valarie Linnen, Esq.
Florida Bar No. 63291
841 Prudential Drive
12th Floor
Jacksonville, FL  32207
888.608.8814
vlinnen@live.com
Attorney for Appellant

## **TABLE OF CONTENTS**

TABLE OF CONTENTS .................................................................................1

TABLE OF AUTHORITIES ......................................................................2

CERTIFICATE OF INTERESTED PERSONS .......................................3

SUMMARY OF THE ARGUMENT.........................................................4

ARGUMENT ..............................................................................................5

I.    The Supreme Court's recent decision in Cargill v. Garland, 602, U.S. 406 (2024), is inapplicable to this case. ..............................................................5

CONCLUSION ...........................................................................................9

CERTIFICATE OF SERVICE................................................................10

## <u>TABLE OF AUTHORITIES</u>

26 U.S.C. § 5845 (2021) ...............................................................................7

<u>Cargill v. Garland</u>, 602 U.S. 406 (2024) ............................................passim

<u>Guedes v. Bureau of ATF</u>, 920 F.3d 1 (D.C. Cir. 2019)..........................7

Fed. R. App. P. 28 (2024) ...........................................................................7

11th Cir. R. 28-1 I.O.P. 5 (2024)...............................................................7

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

Appellant, KRISTOPHER JUSTINBOYER ERVIN, by and through the counsel, hereby certifies the following as Interested Persons:

1) BARKSDALE, Patricia D. – U.S. Magistrate Judge

2) CALL, Lisa – Assistant Public Defender

3) CORRIGAN, Timothy J. – U.S. District Judge

4) ERVIN, Kristopher Justinboyer – Defendant / Appellant

5) HARRINGTON, Jennifer Michelle – Assistant U.S. Attorney

6) HOOVER, Matthew Raymond – Co-Defendant

7) HOWARD, Marcia Morales – U.S. District Judge

8) KING, Alex – Trial Defense Counsel

9) KLINDT, James R. – U.S. Magistrate Judge

10)    LINNEN, Valarie – Appellate Counsel for Mr. Thomas

11) MESROBIAN, David B. – Assistant U.S. Attorney

12) MONROE, Daniel Scott – Former Defense Counsel

13) RICHARDSON, Monte C. – U.S. Magistrate Judge

14) SIEKKINAN, Sean – Assistant U.S. Attorney

15) TAYLOR, Lisa Cofer – Assistant U.S. Attorney

16) TRAN, Mia – Assistant U.S. Attorney

## SUMMARY OF THE ARGUMENT

The holding in Cargill has no application to this appeal: while Cargill focused on the extra actions required of the shooter **while squeezing the trigger**, the instant case focused on all of the many material alterations made by a skilled firearms expert and machinist to both the device at issue and the testing firearms **well before squeezing the trigger** in order to make a semiautomatic rifle modified with a machinegun bolt carrier fire more than one bullet "with a single function of the trigger." Stated differently, Cargill focused on the actions while shooting. The instant case focused on the substantial law enforcement modifications made well before shooting.

# ARGUMENT

**I.    The Supreme Court's recent decision in <u>Cargill v. Garland</u>, 602, U.S. 406 (2024), is inapplicable to this case.**

Pursuant to the order of this Court rendered on August 7, 2024, Appellant, KRISTOPHER JUSTINBOYER ERVIN, by and through the undersigned counsel, submits this supplemental brief regarding the applicability of the Supreme Court's recent opinion in <u>Garland v. Cargill</u>, 602 U.S. 406 (2024).

In short, the holding in <u>Cargill</u> has no application to this appeal: while <u>Cargill</u> focused on the extra actions required of the shooter **while squeezing the trigger**, the instant case focused on all of the many material alterations made by a skilled firearms expert and machinist to both the device at issue and the testing firearms **well before squeezing the trigger** in order to make a semiautomatic rifle modified with a machinegun bolt carrier fire more than one bullet "with a single function of the trigger." Stated differently, <u>Cargill</u> focused on the actions while shooting. The instant case focused on the substantial law enforcement modifications made well before shooting.

## Relevant Proceedings Below

Relevant to this supplemental brief, the primary issue at trial in this case was the amount of "material alterations" made by the ATF officer to both the device at issue (Auto Key Card) and to the firearms used to test-fire the device (swapping out a semiautomatic rifle bolt carrier in favor of an M16 machinegun bolt carrier).

At trial, ATF Officer Toy testified that he made three attempts at cutting out the device at issue (Auto Key Card) using a Dremel tool, belt sander, wheel grinder, drill press, and hand file…AND THEN removed the semiautomatic rifle bolt carrier and inserted an M16 machinegun bolt carrier…before he was able to get the semiautomatic rifle to fire more than one bullet "by a single function of the trigger." See Dkt.283 p.161-168.

After all of those material alterations were made, there was no dispute that the modified semiautomatic rifle fired by a single function of the trigger.  No evidence, argument, or objection was presented to rebut ATF Officer Toy's testimony.

Both Appellant Ervin and Appellant Hoover argued for a judgment of acquittal on the basis that the amount of material alternations made to the device and the firearms used to test fire established that the device was not a "part … or combination of parts designed and intended, for use in converting a weapon into a machine gun…". See Dkt.283 p.232-237, citing 26 U.S.C. § 5845(b) (2021).

Indeed, the district court acknowledged the extent of material alterations made to the device in denying the motions for judgment of acquittal:

> Based on Toy's [the firearm expert] testimony, a reasonable jury could find that, while Toy had to 'materially alter' the Auto Key Card to access the parts of a lightning link, he did not have to materially alter the parts themselves.  Toy merely had to remove the parts from the surrounding metal in order to use them to convert a semiautomatic rifle into a machine gun.

See Dkt.310 p.11.

In *Appellant's Brief*, Appellant Ervin raised the issue of material alterations as it related to Argument I (motion to dismiss and/or motion for judgment of acquittal based on statutory vagueness – p.26-33) and Argument II (motion for judgment of acquittal – p.34-39).  See Fed. R. App. P. 28(j) (2024); 11th Cir. R. 28 Internal Procedure (5) (2024).

### Garland v. Cargill, 602 U.S. 406 (2024)

Recently, the Supreme Court held that a semiautomatic rifle equipped with a non-mechanical bumpstock was not a machinegun within the meaning of 26 U.S.C. § 5845(b) because it could not fire more than one shot by a single function of the trigger, and even if it could, it could not have done so automatically.  Accordingly, the Bureau of Alcohol, Tobacco, Firearms, and Explosives exceeded its rulemaking authority by issuing a rule that classified nonmechanical bumpstocks as machineguns.  Garland v. Cargill, 602 U.S. 406 (2024).

Specifically, the Court held that a non-mechanical bumpstock is not a machinegun within the meaning of the statute because it requires "a single pull of the trigger **AND THEN SOME**."  Id. at 424 (citing Guedes v. Bureau of Alcohol, Tobacco, Firearms, and Explosives, 920 F.3d 1, 44 (D.C. Cir. 2019).  The Court went on to explain that the shooter must not just squeeze the trigger to fire more than one round, but also maintain adequate forward pressure on the rifle's front grip with

the non-trigger hand: "Thus, firing multiple shots requires engaging the trigger one time—and then some." Id.

### Cargill's Application – or Inapplication – to This Case

Procedurally in the district court, there was no litigation below regarding "a single function of the trigger": no motion to dismiss, no motion in limine, no objection, and no evidence to contradict ATF Officer Toy's testimony that, after all three attempts and countless material alterations to the device and to the testing firearms, he was finally able to get a semiautomatic rifle equipped with a machinegun carrier bolt to fire five rounds with a single function of the trigger. See Dkt.283 p.161-168.

Procedurally in this Court, no party raised any issue in the briefing regarding "a single function of the trigger." No party raised any issue regarding ATF's rulemaking authority under the National Firearms Act, as in Cargill.

Substantively, the holding in Cargill is inapplicable to any issue in this case. While Cargill focused on the extra actions required of the shooter **while squeezing the trigger**, the instant case focused on all of the material alterations made by a skilled firearms expert and machinist to both the device at issue and the testing firearms **well before squeezing the trigger** in order to make a semiautomatic rifle modified with a machinegun bolt carrier fire more than one bullet "with a single function of the trigger." Stated differently, Cargill focused on the actions while

shooting. The instant case focused on the substantial law enforcement modifications made well before shooting.

To attempt to insert <u>Cargill</u>'s "single function of the trigger" holding into a case involving "material alternations" is to compare apples to oranges…then walk out of the fruit stand with strawberries: while both cases involve firearms law in general, <u>Cargill</u> and the instant appeal involve completely different aspects of law and factual scenarios.

Because there are no issues regarding "a single function of the trigger" preserved for appellate review in this case, <u>Cargill</u> has no application to the instant appeal.

## **<u>CONCLUSION</u>**

For the aforementioned reasons, Mr. Ervin asks this Court to vacate and/or reverse the judgment and sentence imposed in this case.

**/s/ Valarie Linnen**
VALARIE LINNEN, ESQ.
Florida Bar No.:  63291
841 Prudential Drive
12th Floor
Jacksonville, FL  32207
(888) 608-8814 Tel.
vlinnen@live.com
Attorney for Appellant Ervin

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing has been furnished to the following via electronic cases mail deliver on this 16th day of September 2024:

Sean Siekkinen, Esq., United States Attorney's Office

Matthew Larosiere, Esq., Counsel for Matthew Hoover

## <u>CERTIFICATE OF TYPEFACE COMPLIANCE</u>

This brief complies with the type-volume limitation of Fed.R.App.P. 32(a)(7)(B) because this brief contains 1,167 words, excluding the parts of the brief exempted by Fed.R.App.P. 32(a)(7)(B)(iii).

**/s/ Valarie Linnen**
VALARIE LINNEN, ESQ.
Florida Bar No.:  63291