*2110 First Street, Suite 3-137*
*Fort Myers, Florida 33901*
*239/461-2200*
*239/461-2219 (Fax)*

*35 SE 1st Avenue, Suite 300*
*Ocala, Florida 34471*
*352/547-3600*
*352/547-3623 (Fax)*



**U.S. Department of Justice**
**United States Attorney**
**Middle District of Florida**

*Main Office*
*400 North Tampa Street, Suite 3200*
*Tampa, Florida 33602*
*813/274-6000*
*813/274-6358 (Fax)*

*300 N. Hogan Street, Room 700*
*Jacksonville, Florida 32202*
*904/301-6300*
*904/301-6310 (Fax)*

*400 West Washington Street, Suite 3100*
*Orlando, Florida 32801*
*407/648-7500*
*407/648-7643 (Fax)*

*Reply to: Tampa*

December 10, 2024

David J. Smith, Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, GA 30303

  **Re:**  *United States v. Kristopher Justinboyer Ervin &*
     *Matthew Raymond Hoover,* **No. 23-13062-DD**
     <u>**Fed. R. App. P. 28(j) Supplemental Authority Letter**</u>

Dear Mr. Smith:

  *United States v. Hayden*, 119 F.4th 832 (11th Cir. 2024), supports the United States' argument that the district court did not err by failing to list the standard conditions of supervised release in its oral pronouncement at sentencing. It also supports our argument that the court should review the sufficiency of the oral pronouncement pronouncement for plain error.

  In *Hayden*, the defendant argued that the district court erred when it did not orally pronounce at sentencing each of the standard conditions of supervised release. 119 F.4th at 837. He also argued that because the conditions were not orally enumerated, he did not have the opportunity to object to them, so his belated objection should be reviewed *de novo* on appeal. *Id.* This Court rejected both arguments. First, this Court applied plain-error review because Hayden had had an opportunity to object when the district court ordered him to "comply with the mandatory and standard conditions" and elicited objections to the sentence or how it pronounced it. *Id.* at 838. As

David J. Smith
Page 2
December 10, 2024

for the substance of the Hayden's claim, this Court held that because the district court orally referenced the 13 discretionary standard conditions of supervised release, it did not err—much less plainly so—when it failed to describe those conditions in its oral pronouncement. *Id.* at 839–40. It also rejected Hayden's argument that the written judgment conflicted with the oral pronouncement, explaining that the written judgment specified what the oral pronouncement had already declared. *Id.*

    Thus, *Hayden* supports argument IV in our response brief (App. Doc. 48 at 82–87) that the district court did not plainly err by failing to list the standard conditions of supervised release in its oral pronouncement.[1]

                                  Very truly yours,

                                  Roger B. Handberg
                                  United States Attorney

                                  David P. Rhodes
                                  Assistant United States Attorney
                                  Chief, Appellate Division

By:   *s/ Sean Siekkinen*
        Sean Siekkinen
        Assistant United States Attorney
        Appellate Division

---

[1] Ervin raised this argument in his principal brief (App. Doc. 36 at 48–55) but Hoover did not (App. Doc. 26 at 5–6) (table of contents). Accordingly, in the United States's response brief, we addressed this argument as to Ervin but not Hoover (App. Doc. 48 at 82–87). Despite not raising the argument in his principal brief, Hoover later purported to "adopt[]" the argument, in his reply brief (App. Doc. 51 at 4), after the United States had responded to both principal briefs.

## Certificate of Service

I certify that a copy of this letter and the notice of electronic filing was sent by CM/ECF on December 10, 2024, to:

V<span/>ALARIE L<span/>INNEN, E<span/>SQ.
*Counsel for Kristopher Ervin*

M<span/>ATTHEW L<span/>AROSIERE, E<span/>SQ.
*Counsel for Matthew Hoover*

 

*s/ Sean Siekkinen*
S<span/>EAN S<span/>IEKKINEN
Assistant United States Attorney