

2110 First Street, Suite 3-137
Fort Myers, Florida 33901
239/461-2200
239/461-2219 (Fax)

35 SE 1st Avenue, Suite 300
Ocala, Florida 34471
352/547-3600
352/547-3623 (Fax)

**U.S. Department of Justice**
United States Attorney
Middle District of Florida

*Main Office*
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
813/274-6000
813/274-6358 (Fax)

300 N. Hogan Street, Room 700
Jacksonville, Florida 32202
904/301-6300
904/301-6310 (Fax)

400 West Washington Street, Suite 3100
Orlando, Florida 32801
407/648-7500
407/648-7643 (Fax)

*Reply to: Tampa*

September 5, 2025

David J. Smith, Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, GA 30303

  **Re:** *United States v. Kristopher Justinboyer Ervin & Matthew Raymond Hoover,* **No. 23-13062**
     **Fed. R. App. P. 28(j) Supplemental-Authority Letter**

Dear Mr. Smith:

  The following supplemental authorities support our argument that the Second Amendment does not prohibit the government from regulating machinegun-conversion devices such as the AutoKeyCard. *See* App. Doc. 48 at 62–66 (our brief); App. Doc. 66 at 4–7 (our supplemental brief).

  *United States v. Bridges,* __ F.4th __, 2025 WL 2250109 (6th Cir. Aug. 7, 2025), holds that machineguns, as defined in 28 U.S.C. § 5845(b), are "dangerous and unusual" weapons, which the government may prohibit consistent with *Bruen*, *Heller*, and the Second Amendment. *Id.* at *6–9. The defendant was convicted of possessing a handgun equipped with a machinegun-conversion device—a "Glock switch," *see id.* at *1—which is functionally like the AutoKeyCard that Ervin and Hoover manufactured and sold. The majority in *Bridges* concludes that machineguns are dangerous and unusual, and therefore "beyond the Second Amendment's scope," in part because of "'their ability to inflict damage on a scale or in a manner

David J. Smith
Page 2
September 5, 2025

disproportionate to the end of personal protection.'" *Id.* at *8 (quoting *Bianchi v. Brown*, 111 F.4th 438, 451 (7th Cir. 2024) (en banc), *cert. denied sub nom. Snope v. Brown*, 145 S. Ct. 1534); *see also id.* at *22 (Nalbandian, J., concurring) (even if "some traditional machineguns could receive constitutional protection, the Glock switch that Bridges carried seems like a pretty good candidate for exclusion," as it's "tiny, easily concealable, easily transportable, and often used to commit horrific private violence").

*United States v. Morgan*, __ F.4th __, 2025 WL 2502968 (10th Cir. Sept. 2, 2025), similarly supports our argument on appeal. That Court rejected the defendant's Second Amendment challenge and deemed 18 U.S.C. § 922(o) constitutional as applied because "Mr. Morgan has not shown that the machineguns he possessed—an AM-15 machinegun and a Glock switch—let alone any types of machineguns, are arms 'in common use today for self-defense.'" *Id.* at *4 (quoting *Bruen*, 597 U.S. at 32).

*Bridges* and *Morgan* support the district court's ruling that the Second Amendment is no bar to Ervin's and Hoover's prosecutions for possessing and transferring unregistered machinegun-conversion devices (which Congress has defined as "machineguns").

                                            Very truly yours,

                                            GREGORY W. KEHOE
                                            United States Attorney

                                            DAVID P. RHODES
                                            Assistant United States Attorney
                                            Chief, Appellate Division

                                            *s/ Sean Siekkinen*
                                            SEAN SIEKKINEN
                                            Assistant United States Attorney
                                            Appellate Division

## Certificate of Service

I certify that a copy of this letter and the notice of electronic filing was sent by CM/ECF on September 5, 2025, to:

Valarie Linnen, Esq.  
*Counsel for Kristopher Ervin*

Matthew Larosiere, Esq.  
*Counsel for Matthew Hoover*

*s/ Sean Siekkinen*  
Sean Siekkinen  
Assistant United States Attorney