The Law Offices of
Matthew Larosiere

6964 Houlton Cir
Lake Worth, FL 33467
Telephone: (561) 452-7575
Email: LarosiereMM@gmail.com

September 6, 2025

David J. Smith, Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, GA 30303

    RE: *United States v. Ervin & Hoover*, No. 23-13062 Fed. R. App. P. 28(j) Supplemental Authority Letter Response

Dear Mr. Smith:

Appellant fears the government's September 5 supplemental authority letter misstates the holdings of its cited cases and their relevance here. *United States v. Bridges* and *United States v. Morgan* involved prosecutions for possession of actual, operable machineguns or fully functional "glock switch" conversion devices under 18 U.S.C. §922(o). Neither decision considered whether a homogenous, nonfunctional steel plate with etched outlines could be a "combination of parts" under 26 U.S.C. §5845(b). That threshold legal question is dispositive here, and these cases do not address it.

    The government's reliance on these inapposite authorities underscores, rather than cures, the defect in its position. Conflating real, operable weapons with inert drawings effectively rewrites §5845(b). The distinction matters because the government's interpretation impermissibly expands the statutory definition. As charged, the indictment speaks only of a "combination of parts" designed and intended to cause a weapon to shoot "automatically." The

1

formulation below—something "containing" a combination of parts that can be "accessed" by "material alteration"—finds no support in the text and threatens to criminalize objects that are not firearms at all. That interpretive leap confirms why this case turns on statutory limits and the rule of lenity, not generalized assertions about machinegun prosecutions.

Finally, the government proceeds as if Appellant pressed a standalone Second Amendment challenge, ignoring that the argument was framed in the alternative—arising only because the government insists on treating a line-drawing as the equivalent of an operable machinegun. That distortion underscores the constitutional problem. And even if the Court must reach that alternative challenge directly, *Bridges* and *Morgan* are no answer: both presuppose possession of actual machineguns, not whether our constitutional tradition permits banning inoperable tchotchkes as firearms.

Very truly yours,

Matthew Larosiere, Esq.
*Counsel for Appellant*
*Matthew Raymond Hoover*

2

**Certificate of Service**

I certify that a copy of the foregoing was sent by CM/ECF on September 6, 2025, and notice of this filing was electronically served on all parties there registered for service, including:

VALARIE LINNEN, ESQ.
*Counsel for Kristopher Ervin*

SEAN SIEKKINEN,
*Assistant United States Attorney*

<u>/s/ Matthew Larosiere</u>
Matthew Larosiere
*Counsel for Appellant Matthew Hoover*